USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 03 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BRADLEY A. LANG,

        Plaintiff,

  -v-

ALVAREZ & MARSHAL HEALTHCARE INDUSTRY
GROUP, LLC, et al.,

        Defendants.
-------------------------------------------------------------- X

13 Civ. 9028 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

  The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. Courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

  Plaintiff Bradley A. Lang brings this action invoking the Court's subject matter jurisdiction by reason of diversity of citizenship. According to the Complaint, Plaintiff is a citizen of California, Defendants Alvarez & Marshall Healthcare Industry Group, LLC ("A&M Healthcare") and Alvarez & Marshal Holdings, LLC ("A&M Holdings") are Delaware limited liability companies with their principal places of business in New York, and Defendant Alvarez & Marshal, Inc. ("A&M Inc.") is a New York corporation with its principal place of business in New York. Compl. ¶ 6.

  A complaint premised on diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.

1

2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Fed. R. Civ. P. 8(a). As for parties identified to be corporations, "[f]or jurisdictional purposes, a corporation is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has its principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998).

Within twenty days of the date of this Order, Plaintiff shall amend his Complaint to allege the citizenship of each constituent person or entity comprising A&M Healthcare and A&M Holdings (including the state of incorporation and principal place of business of any corporate entity member). If, by the foregoing date, Plaintiff is unable to amend to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: February 3, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge